IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ENRIQUE RAMOS,

    Plaintiff

    v.

CORRECTIONAL OFFICER J. OAKES,
et al

    Defendants

CIVIL NO. 3:08-CV-0157

(JUDGE CAPUTO)

## MEMORANDUM

Before the Court is Jose Enrique Ramos' Motion to Request Council (sic) (Doc. 38). The relevant historical background is as follows.

This is a civil action filed under 42 U.S.C. §1983 by Plaintiff for events which occurred when he was an inmate in SCI-Huntingdon. The claim is based upon a violation of the Plaintiff's Eighth Amendment right to be free from cruel and unusual treatment or punishment. Specifically, the case involves the issue of whether or not the Plaintiff was injured as a result of Defendant Oakes' failure to protect him in violation of the Eighth Amendment.

## DISCUSSION

In *Tabron v. Grace*, 6 F.3d 147 (3rd Cir. 1993), the United States Court of Appeals for the Third Circuit identified several factors to assist district courts in determining when the appointment of counsel is appropriate. Preliminarily, the plaintiff's claim must have some merit and fact in law, *Id.* at 155, and if the claim has merit the district court should consider the following factors: 1) plaintiff's ability to

present his or her own case, 2) the complexity of the legal issues, 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, 4) whether the case is likely to turn on credibility determinations, 5) whether the testimony of expert witnesses is required, and 6) whether plaintiff can attain and afford counsel in his own behalf. *Id.* at 155-58.

By adopting the Magistrate Judge's Report and Recommendation I found that the Eighth Amendment claim has merit. I will now explore the remaining factors set forth in *Tabron*.

1. <u>Plaintiff's ability to present his own case</u>.

After having a conference with Plaintiff, I find that Plaintiff does not have the ability to present his case.

2. <u>The complexity of legal issues</u>.

While I do not believe that the legal issues are complex, I am satisfied Plaintiff needs counsel in order to pursue them.

3. <u>The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation</u>.

In the present case, extensive discovery is not necessary, however, discovery is a process which Plaintiff is simply not qualified to do. It may well be that Plaintiff needs an expert to opine on his injuries and the cause of the injuries. Whether or not such opinion can be obtained is unknown, but, I view the need for Plaintiff to explore this possibility as essential to the Plaintiff's case. In this respect, counsel would be a necessary ingredient in assisting the Plaintiff in the preparation

2

of this aspect of the case. The Plaintiff should have the opportunity to determine whether he can secure medical opinion evidence, and the necessary and appropriate way to do so is through appointed counsel. [1] Therefore, the appointment of counsel is necessary to assist the Plaintiff in conducting a factual investigation.

4. <u>The likelihood that the case will turn on credibility determinations</u>.

I am convinced that Plaintiff cannot handle this aspect of the case. Counsel is necessary for the cross examination of witnesses. Credibility determinations are important in this case, and I am convinced that this factor weighs in favor of appointment.

5. <u>Whether the case will require expert testimony</u>.

Under *Tabron*, appointed counsel "may be warranted where the case will require testimony from expert witnesses" *Id.* at 156. As noted, Plaintiff may require the testimony of a medical expert in order to present his case. I am convinced that the Plaintiff should have the opportunity to secure an expert, and further that the appointment of counsel would be necessary in order to assist Plaintiff in attempting to secure an expert evaluation. As a result, this *Tabron* factor weighs in favor of the appointment of counsel.

---

[1] Local Rule of Court 83.34.6 provides that a court appointed pro bono attorney may seek reimbursement of costs not to exceed a limit established by Standing Order, which at present is $1500.00 (S.O. 05-05). An expert's fee would qualify as an expense for which reimbursement may be sought under this Local Rule.

3

6. <u>Whether Plaintiff can attain and afford counsel</u>.

Plaintiff cannot afford counsel.

After analysis of the *Tabron* factors, I find the appointment in the present case is warranted. My finding is based upon my interview of Plaintiff and my conclusion he simply cannot present his case, and the need for a medical expert with respect to connecting Plaintiff's injuries to the alleged incident. Accordingly, Plaintiff's motion will be granted.

An appropriate order will follow.

Date: September 23, 2009

A. Richard Caputo
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ENRIQUE RAMOS,<br><br>Plaintiff<br><br>v.<br><br>CORRECTIONAL OFFICER J. OAKES,<br>et al<br><br>Defendants | CIVIL NO. 3:08-CV-0157<br><br>(JUDGE CAPUTO) |

## ORDER

NOW, this 23rd day of September, 2009, **IT IS HEREBY ORDERED**

1. Plaintiff's Motion to Request Council (sic) (Doc. 38) is **GRANTED**.

2. The Clerk of Court is directed to forward a copy of this Memorandum and Order to the Chair of the Federal Bar Association's Pro Bono Committee, Stephen M. Greecher, Jr., Esquire, Tucker, Arensberg & Swartz, 11 North Front Street, P.O. Box 889, Harrisburg, Pennsylvania, 17108, who shall select, or affect the selection of a member of the Bar Association to represent Plaintiff in this matter.

3. Appointed counsel for Plaintiff is directed to file an entry of appearance with the Court no later than thirty (30) days from the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge